IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FREDDIE BELOTE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff.<br>v.<br><br>RIVET SOFTWARE, INC,<br><br>        Defendant. | **CLASS ACTION COMPLAINT**<br><br>**Case No. -_____-** |

Plaintiff Freddie Belote ("Plaintiff") alleges on his own behalf and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. The Plaintiff brings this action on behalf of himself, and the approximately 125 other similarly situated former employees who worked for Rivet Software, Inc. ("Defendant"), and who were terminated without cause, as part of, or as the result of, a mass layoff or plant closing ordered by Defendant on or about June 1, 2012 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq*.

2. Plaintiff and all similarly situated employees seek to recover up to 60 days wages benefits, pursuant to 29 U.S.C. § 2104 from Defendant. Defendant is liable under the WARN Act for its failure to provide Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 2104(a)(5).

4. The Plaintiff worked for Defendant at its headquarters in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6. Plaintiff Belote was employed by Defendant, and worked at the Defendant's headquarters located at 4340 South Monaco Street, Suite 100, Denver, Colorado (the "Denver Facility") until his termination on or about June 1, 2012.

*Defendant*

7. Upon information and belief at all relevant times, Defendant Rivet Software, Inc. is a Delaware Corporation with its headquarters at the Denver Facility. Rivet Software provides financial reporting systems that allow companies to file financial reports with the Securities and Exchange Commission in a searchable software language.

8. Plaintiff Belote did not receive advance written notice of his termination.

9. Upon information and belief, the Defendant terminated approximately 125 employees at its Denver Facility.

## WARN CLASS ALLEGATIONS

10. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101, *et seq.*, on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or

reported to the Denver Facility and were terminated without cause on or about June 1, 2012, and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on or about June 1, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

11. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to exceed 100, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

12. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

13. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

14. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a)    whether the members of the WARN Class were employees of the Defendant who worked at or reported to the Denver Facility;

    (b)    whether Defendant, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts; and

    (c)    whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

15. The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to the Denver Facility and were terminated without cause on or about June 1, 2012, due to the mass layoff and/or plant closing ordered by Defendant.

16. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Denver Facility.

17. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

18. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

19. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

20. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### WARN Act Cause of Action

21. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

22. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

23. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Denver Facility.

24. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

25. On or about June 1, 2012, the Defendant ordered a mass layoff or plant closing at the Facility, as that term is defined by 29 U.S.C. § 2101(a)(2).

26. The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty–three percent of Defendant's workforce at the Denver Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

27. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Denver Facility.

28. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

29. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

30. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

31. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

32. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay,

accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4);

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

G. Such other and further relief as this Court may deem just and proper.

Dated: October 22, 2012

Respectfully submitted,

By: _____
Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*