IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02792-WYD-MJW

FREDDIE BELOTE, on behalf of himself and
all others similarly situated,

      Plaintiff,

v.

RIVET SOFTWARE, INC.,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Dockt No 18-1 )

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information  whose source of disclosure is solely from a party, and that implicates the privacy interests of either party and/or either parties' confidential business records (including, without limitation, personnel and financial records and information regarding its customers and partners), documents, materials, and communications.  CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, in preparation for trial, at the trial, or for any appeals of this action.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a.      attorneys actively working on this case and persons employed in the firms of such attorneys;

b.      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.      Plaintiff Freddie Belote and Defendant, including its officers, directors, and employees;

d.      deponents;

e.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

2

f.      the Court and its employees ("Court Personnel");

g.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

h.      other persons by written agreement of the parties.

5.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL" or by designating them as CONFIDENTIAL in correspondence from the party designating such documents as CONFIDENTIAL.  The first method is to be used whenever possible when the party producing the documents is also the party which designates them CONFIDENTIAL.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above in paragraph 4 (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel for the disclosing party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached as Exhibit A) stating that he or she has read this Protective order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel for the disclosing party and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by the opposing party.

7.      Producing or receiving materials or otherwise complying with the terms of this Protective Order shall not:

a.      operate as an admission by any party that any particular discovery material contains or reflects any CONFIDENTIAL information or a trade secret under applicable law;

b.      prejudice in any way the rights of any party to object to the production of

3

documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise;

c.      prejudice in any way the rights of a party to seek a determination from the Court regarding whether particular discovery materials should be produced; or

d.      prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions of the deposition containing such information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court

*[handwritten marginalia: W/Jgr 2-4-13]*

*[handwritten insertion: Consistent with D.C.COLO.LCivR 7.2]*

4

rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.     The following stipulations and procedures will govern the inadvertent disclosure of materials protected by the attorney-client privilege, work product doctrine, or other privilege or immunity:

a.     In the event any documents are produced that the producing party later reasonably and in good faith claims are protected by the attorney-client privilege, work product doctrine, or other privilege or immunity, the producing party shall inform the receiving party in writing of the asserted privilege and the factual basis therefor.  The receiving party shall, within five (5) business days of receipt of such notice, return the original to the producing party, and after making a good faith search, destroy all known copies thereof and delete any known copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains.  The receiving party also agrees to delete or destroy any additional copies of such documents of which it might become aware in the future.  The receiving party will in no manner examine the documents over which privilege is asserted after receiving notice of the asserted privilege.

b.     If during the receiving party's review of documents from the producing party, the receiving party discovers a document that appears on its face to be protected by the

attorney-client privilege, work product doctrine, or other privilege or immunity, the receiving

party shall, within two (2) business days call the attention of the producing party to the

document(s). If the producing party claims a privilege over the documents, it must give the

notice required by subparagraph (a) within three (3) business days thereafter, from receipt of

which subparagraph (a) will govern the receiving party's obligations.

> c.      Inadvertent production of privileged, work product protected, or immune

documents in the course of discovery in this action shall not constitute a waiver of any privilege,

work product protection, or immunity, either as to the produced document or as to any other

documents or communications.

> d.      Return of information for which the producing party has asserted a claim

of privilege, work product protection, or immunity under this paragraph shall be without

prejudice to the receiving party's right to seek an order from the Court directing production of

the information on the ground that the claimed privilege, work product protection, or immunity is

invalid; provided, however, that mere production of the information in the course of this action

shall not be a ground for asserting waiver of the privilege, protection, or immunity.

> e.      If a document is identified as protected by the attorney-client privilege,

work product doctrine, or other privilege in accordance with subparagraphs (a) and/or (b) above,

the receiving party shall not make any use of the document or its contents, including, without

limitation, as part of any publicly available court filing, and shall hold it in the strictest of

confidence, unless and until the Court directs the production of the information as provided for in

subparagraph (d) above.

> 11.      At the conclusion of this case, including any appeals or the expiration of time for

initiating an appeal, unless other arrangements are agreed upon, each document and all copies

thereof which have been designated as CONFIDENTIAL shall be returned to the party that

designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL

documents; provided, however, that (a) counsel for each party may retain one copy of the

CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such

retained documents will not be released, disclosed, or utilized except upon express permission of

this Court after written notice to counsel for the party that produced the documents and

(b) counsel for each party may disclose a copy of the CONFIDENTIAL documents to a

malpractice insurance carrier without obtaining permission of the Court or providing written

notice to counsel for the party that disclosed the documents.  Where the parties agree to destroy

CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit

confirming the destruction.

   12. This Protective Order may be modified by written agreement of the parties or by

the Court at any time for good cause shown following notice to all parties and an opportunity for

them to be heard.

   The foregoing Protective Order is APPROVED and made an ORDER of this Court this

day of _Februrary 5_, 2013.

             BY THE COURT:

             MICHAEL J. WATANABE
             U.S. MAGISTRATE JUDGE
             DISTRICT OF COLORADO

APPROVED AS TO FORM AND CONTENT:

s/Rene S. Roupinian
Jack A. Raisner
Rene S. Roupinian
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:   (212) 245-1000
Facsimile:  (212) 977-4005
jar@outtengolden.com
rsr@outtengolden.com
Attorneys for Plaintiff
FREDDIE BELOTE

s/Kristi A. Walton
Brett C. Painter
Kristi A. Walton
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
brett.painter@dgslaw.com
kristi.walton@dgslaw.com
Attorneys for Defendant
RIVET SOFTWARE, INC.

**EXHIBIT A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, have read the Protective Order in the action entitled *Freddie*

*Belote v. Rivet Software, Inc.*, Civil Action No. 2012-cv-02792-WYD-MJW, United States

District Court, District of Colorado, and agree to be bound by its terms.


_____          _____
Signature                                                    Date