IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-02792-WYD-MJW

FREDDIE BELOTE, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

RIVET SOFTWARE, INC.,

    Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiff's Motion for Class Certification and Related Relief filed on March 1, 2013. The motion seeks (a) certification of a class pursuant to Fed. R. Civ. P. 23 comprised of Plaintiff and the other persons similarly situated who were allegedly terminated without cause in connection with the mass layoff and/or plant closing on or about June 1, 2012 at Defendant's facility, (b) the appointment of Outten & Golden LLP as Class Counsel, (c) the appointment of Plaintiff as the Class Representative, (d) approval of the form and manner of Notice of Class Action, and (e) such other relief as this Court may deem proper. The motion is supported by the attached declarations of Plaintiff Freddie Belote ("Plaintiff's Declaration") and René S. Roupinian, a partner of Outten & Golden LLP ("Roupinian Declaration").

By way of background, the motion asserts that immediately prior to June 1, 2012, Plaintiff and approximately 125 other similarly situated persons who were employees of

Defendant were terminated as part of, or as a result of the mass layoff and/or shutdown, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101(a)(2) (the "WARN Act") at Defendant's facility located at 4340 South Monaco Street, Suite 100, Denver, Colorado (the "Denver Facility").  Plaintiff asserts that the layoff and/or shutdown was carried out without giving advance notice to the employees as required by the WARN Act, and that neither Plaintiff nor any of the other former employees who worked at the Denver Facility (the "Class") received 60 days' pay and benefits in lieu of notice.  The Complaint alleges a Rule 23(b)(3) class claim arising from Defendant's violation of the WARN Act**.**

As to the merits of the motion, I note that Defendant filed a response on March 20, 2013, wherein it does not oppose the motion.  Nevertheless, I must satisfy myself that Plaintiff has shown that each of the four prerequisites for class certification set forth in Rule 23 are satisfied.  *See Trevizo v. Adams*, 455 F.3d 1155, 1161-62 (10th Cir. 2006) ("A party seeking class certification must show 'under a strict burden of proof' that all four requirements are clearly met") (quotation omitted).  Rule 23(a) requires a showing of "(1) Numerosity: 'the class is so numerous that joinder of all members is impracticable'; (2) Commonality: 'there are questions of law or fact that are common to the class'; (3) Typicality: 'the claims or defenses of the representative parties are typical of the claims or defenses of the class'; and (4) Adequacy of representation: 'the representative parties will fairly and adequately represent the interests of the class.'"  *Id.* (quoting Fed. R. Civ. P. 23(a)).

I find that Plaintiff has shown in the motion that the prerequisites for class certification are present in this action.  I first note that violations of the WARN Act have given rise to numerous class action cases for which class certification has been granted.  *See, e.g., Pearson v. Component Tech. Corp.*, 247 F.3d 471 (3rd Cir. 2001); *Jurcev v. Cent. Cmty. Hosp.*, 7 F.3d 618 (7th Cir. 1993); *In re Taylor Bean & Whitaker Mortg. Corp.*, No. 3:09-bk-07047-JAF, 2010 WL 4025873 (Bankr. M.D. Fla. Sept. 27, 2010); *Kettle v. Bill Heard Enterprises, Inc.*, 400 B.R. 795 (Bankr. N.D.Ala. 2009).

As to the requirements for certification, Plaintiff asserts as to numerosity that there are approximately 125 class members.  The Tenth Circuit has not adopted a "'set formula'" to determine whether the numerosity requirement is met; instead, it is a fact-specific inquiry best left to the discretion of the district court's discretion."  *Lowery v. City of Albuquerque*, 273 F.R.D. 668, 678 (D.N.M. 2011) (quoting *Rex v. Owens*, 585 F.2d 432, 436 (10th Cir. 1978)).  Here, Plaintiff's motion and Declaration point out that the cost of litigation of WARN claims is high compared to recovery which is low.  I agree, finding that the putative class members' claims are too small to be prosecuted individually as such solo actions are not economical or feasible.  See *Maez v. Springs Auto. Grp., LLC*, 268 F.R.D. 391, 395 (D. Colo. 2010) (numerosity satisfied where the individual claims are relatively small in relation to the cost of litigation).  Courts have held that similar class sizes in WARN cases meet the numerosity requirement. *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 91 (D. Conn. 2004) (proposed class of 117 former employees of the defendant was large enough to satisfy the numerosity requirement); *Finnan v. L.F. Rothschild & Co., Inc.*, 726 F. Supp. 460, 465

(S.D.N.Y. 1989) (class of approximately 127 former employees of the defendant satisfied the requirements of Rule 23(a)).[1] Thus, I find that Plaintiff has satisfied the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

Commonality is also satisfied. Here, Plaintiff claims that he and the other Class Members were terminated as part of a common plan stemming from Defendant's decision to terminate employees at the Denver Facility. Additionally, the factual and legal questions stem from a common core of factual allegations regarding Defendant's actions and a common core of legal issues regarding every Class Member's rights, as follows: (a) Defendant employed more than 100 employees; (b) all the Class Members are protected by the WARN Act; (c) the Class Members were employees of Defendant; (d) Defendant discharged the Class Members on or within 30 days of June 1, 2012, and thereafter in connection with a mass layoff or plant closing; (e) the Class Members were "affected employees", as they lost their employment as a result of the mass layoff or plant closing; (f) Defendant terminated the employment of the Class Members without cause; (g) Defendant terminated the employment of the Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; and (h) Defendant failed to pay the Class Members 60 days' wages and benefits. The only differences are minor, namely, the rate of pay and the date of termination.

As to typicality, the Class Representative (Plaintiff) suffered the same type of injury as the rest of the class and the motion and supporting material represents that

---

[1] As the motion also points out, WARN Act classes have been certified with even smaller groups of claimants.

there are no conflicts of interest between the Class Representative and the other Class Members. Defendant's alleged failure to comply with the requirements of the WARN Act represents a single course of conduct resulting in injury to all Class Members, including Plaintiff. Plaintiff alleges that neither he nor other Class Members received 60 days' notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act. Thus, I find that the factual situation of the Class Representative and the legal theories upon which the action is grounded are typical of the entire Class.

Finally, I must address the adequacy of representation–whether Plaintiff will fairly and adequately protect the interests of the class. The adequacy inquiry in the Tenth Circuit focuses on two questions: "(i) whether the named plaintiffs and their counsel have any conflicts with other class members; and (ii) will the named plaintiffs and their counsel vigorously prosecute the action on behalf of the class." *Lowery*, 273 F.R.D. at 680 (D.N.M. 2011) (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002)). Here, I find that the first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representative and the interests of the Class as a whole. The second element of Rule 23(a)(4) is met because Plaintiff's counsel appear from the Roupinian Declaration to be "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968). Additionally, it appears from the Roupinian Declaration that proposed class counsel is qualified to represent the putative class in this WARN Action and has diligently prosecuted Plaintiff's claims.

Based on the foregoing, the four prerequisites of Rule 23(a) for Class certification are met. However, in addition to meeting the prerequisites for class certification under Rule 23(a), a class must also meet one of the three alternative requirements for treatment as a class action under Fed. R. Civ. P. 23(b). Here, Plaintiff seeks class certification under Fed. R. Civ. P. 23(b)(3).

Class certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Maez*, 268 F.R.D. at 397; *Lowery*, 273 F.R.D. at 687. In determining whether predominance is satisfied under Rule 23(b)(3), the Court "must determine whether the members of the class seek a remedy to a common legal grievance and whether the common questions of law and fact central to the litigation are common to all class members." *United Food and Commercial Workers Union v. Chesapeake Energy Corp.*, 281 F.R.D. 641, 655 (W.D. Okla. 2012). "'Class wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject to only individualized proof.'" *Id.* (quotation omitted).

I find that a class action is the superior method of resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen*, 391 F.2d at 566-567; *United Food and Commercial Workers Union*, 281 F.R.D. at 657. As shown above,

common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

Additionally, Fed. R. Civ. P. 23(b)(3) requires that the Plaintiff demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Four factors are set forth in Rule 23(b)(3) to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to class members predominate over individual matters:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.*

Here, I find that neither Plaintiff nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions. (*See* Pl.'s Decl., Ex. A to Mot.) Concentrating the WARN litigation in a class action will avoid duplicate efforts of multiple suits. Finally, the difficulties in managing this litigation as a class action are few: the Class Members can be easily identified; the potential liability of Defendant can be readily calculated; and there is but one combined course of conduct—that of Defendant—to examine and adjudicate. (*Id.*) Accordingly, I find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See Seijas v. Republic of Argentina,* 606 F.3d 53, 58 (2d Cir.2010)
common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

Additionally, Fed. R. Civ. P. 23(b)(3) requires that the Plaintiff demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Four factors are set forth in Rule 23(b)(3) to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to class members predominate over individual matters:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.*

Here, I find that neither Plaintiff nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions. (*See* Pl.'s Decl., Ex. A to Mot.) Concentrating the WARN litigation in a class action will avoid duplicate efforts of multiple suits. Finally, the difficulties in managing this litigation as a class action are few: the Class Members can be easily identified; the potential liability of Defendant can be readily calculated; and there is but one combined course of conduct—that of Defendant—to examine and adjudicate. (*Id.*) Accordingly, I find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See Seijas v. Republic of Argentina,* 606 F.3d 53, 58 (2d Cir.2010)

(class action device is frequently superior where proceeding individually would be difficult for class members with small claims).

I now turn to the portion of Plaintiff's motion that seeks to appoint Outten & Golden LLP as Class Counsel and to appoint Plaintiff as the Class Representative. I find that these requests should be granted. As to Class Counsel, the Roupinian Declaration shows that Plaintiff's counsel is qualified and has been actively and diligently prosecuting this action, expending considerable attorney and paralegal time in furtherance of the litigation. Moreover, Plaintiff is being represented by attorneys who are highly experienced in class action litigation and experienced in prosecuting claims under the WARN Act, having been appointed Class Counsel in some 75 WARN class actions. (*See* Roupinian Decl., Ex. B to Mot.) Similarly, as to the appointment of Class Representative, I find that Plaintiff has been diligent in pursuing the class claim and has worked with counsel in initiating and prosecuting the action; he has no conflict of interest with other Class Members, and he has and will fairly and adequately represent the interests of the Class. (*See* Pl.'s Decl., Ex. A.) Finally, I find that the form and manner of service of the notice attached to the motion is appropriate.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Class Certification and Related Relief (ECF No. 26) is **GRANTED**. In accordance therewith, it is

ORDERED that a class is certified comprised of Plaintiff and the other former employees of Defendants (i) who worked at or reported to Defendant's Denver Facility and were terminated on or about June 1, 2012, within 30 days of June 1, 2012, or in

anticipation of or as the foreseeable consequence of the mass layoff or plant closing ordered by Defendant on or about June 1 2012, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5), and (ii) who have not filed a timely request to opt-out of the class.  It is

FURTHER ORDERED that the class as certified meets the requirements of Fed. R. Civ. P. 23(b)(3).  It is

FURTHER ORDERED that Outten & Golden LLP is appointed Class Counsel.  It is

FURTHER ORDERED that Plaintiff Freddie Belote is appointed the Class Representative.  It is

FURTHER ORDERED that the proposed form of Notice to the Class, attached to the motion as Exhibit C, is approved.  That form of notice is found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.    It is

FURTHER ORDERED that within ten (10) days after the entry of this Order, or by **Friday, June 7, 2013**, Defendant shall provide Class Counsel with the names and addresses of the class members as noted in Defendant's records.  It is

FURTHER ORDERED that on or before ten (10) days after receipt from Defendant of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First

Class postage prepaid, to each employee of Defendant who falls within the definition of the class, to their last known address as noted in the records of the Defendant.  It is

FURTHER ORDERED that within ten (10) days after such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice.  It is

FURTHER ORDERED that the deadline for any Class Member to opt-out of the Class shall be 30 days from the date of mailing of the Notice.  Finally, it is

ORDERED that Class Counsel shall serve and file a sworn statement listing the names of any persons who have opted out of the Class.

Dated:  May 28, 2013

                                BY THE COURT:

                                s/ Wiley Y. Daniel
                                Wiley Y. Daniel
                                Senior United States District Judge