IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-02792-WYD-MJW

FREDDIE BELOTE, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

RIVET SOFTWARE, INC.,

      Defendant.

---

**ORDER**

---

I.     <u>INTRODUCTION</u>

      THIS MATTER is before the Court on the parties' request for final approval of the settlement reached in this class action, which is reflected in the Settlement Agreement attached as Exhibit A to the Parties' Joint Motion for Approval of Class Settlement.  A hearing was held pursuant to Fed. R. Civ. P. 23(e)(2) as to the fairness of the settlement on Wednesday, August 6, 2014.  For the reasons stated below, the settlement in this case is approved as fair, adequate and reasonable.

II.     <u>PROCEDURAL BACKGROUND</u>

      Plaintiff filed a class action against Defendant Rivet Software, Inc. ["Rivet"] asserting a claim under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ["WARN Act"], and seeking damages on behalf of himself and other similarly situated former employees.  Specifically, Plaintiff alleged that Rivet did not provide employees affected by a May 2012 layoff with the sixty-day notice required

under the WARN Act.  In Rivet's Answer, it generally denied Plaintiff's allegations and asserted a number of affirmative defenses which could reduce or eliminate its liability to Plaintiff and members of the class.  Among these defenses, Rivet asserted that it acted in good faith with regard to carrying out the layoff and that the shortened WARN Act notice was necessitated by unforeseeable business circumstances.

On March 1, 2013, Plaintiff filed an unopposed Motion for Class Certification and Related Relief.  The motion sought certification of a class pursuant to Fed. R. Civ. P. 23 comprised of Plaintiff and the other persons similarly situated who were allegedly terminated without cause in connection with the mass layoff and/or plant closing on or about June 1, 2012 at Defendant's facility; the appointment of Outten & Golden LLP as Class Counsel; the appointment of Plaintiff as the Class Representative; approval of the form and manner of Notice of Class Action; and such other relief as this Court may deem proper.

On May 28, 2013, an Order was issued granting class certification (certifying a class of 123 employees) and appointing Outten & Golden LLP as Class Counsel.  On June 17, 2013, a Notice of Class Action was mailed to each Class Member.  A Declaration of Opt-Outs was executed and filed by Class Counsel on July 29, 2013, affirming that seven putative class members opted out of the class.

On June 5, 2014, the Parties filed a Joint Motion for Approval of Settlement.  The motion asserted that after several months of good faith negotiations and consideration regarding the uncertainty of the outcome of further costly litigation, and following formal mediation, the parties agreed upon the settlement terms and conditions set forth in the

Settlement Agreement attached to the motion as Exhibit A.  Under the proposed

settlement, Defendants will pay to the Class Members a total of $200,000 ("Settlement

Amount"), of which $2,000.00 will be deducted for the Class Representative award, and

33 1/3% will be deducted for attorneys' fees, plus expenses, leaving a balance of

$128,000 to be divided on a pro rata basis and made payable to each of the Class

Members, including the Plaintiff.  The Joint Motion requested that the court:  (a)

preliminarily approve the Settlement Agreement as fair, reasonable, and adequate; (b)

schedule a Fairness Hearing on the Settlement a agreement; and (c) approve the

Notice of Proposed Settlement of Class Action and Fairness Hearing attached as

Exhibit B.

By Order of June 12, 2014, I granted the Joint Motion for Approval of Settlement,

preliminarily approving the Settlement Agreement attached as Exhibit A.  The Order

stated that the Settlement Agreement would be subject to final approval by the Court

following the fairness hearing at issue in this Order.  It was ordered therein that the

Notice of Proposed Settlement of Class Action and Fairness Hearing in the form of

Exhibit B to the Motion be mailed to class members as more particularly set forth in the

Settlement Agreement, advising them of their right to request exclusion from the class

or to file objections to the Settlement Agreement.

On July 2, 2014, an Affidavit of Mailing of Notice of Proposed Settlement of Class

Action and Fairness Hearing was filed, stating that the Notice had been mailed to the

putative class members.  The Notice was attached to the Affidavit, and advised the

class members that objections to the settlement were due by July 30, 2014.  The Notice

also advised the class members that objections could be made to the attorneys' fees and expenses to be awarded to Class Counsel under the settlement.  The objections were to include the objector's name, address, and telephone number and the basis for the objection.  It also advised persons objecting that they may also appear at the fairness hearing.

On August 1, 2014, an Affidavit was filed stating that no Objections to the proposed settlement were filed.

On August 6, 2014, I held a fairness hearing to determine whether the Parties' proposed settlement was fair, reasonable, and adequate.  Counsel were present at the hearing, either in person or by telephone.  No class members were present.

III.   ANALYSIS

A.   The Fairness of the Settlement

I now turn to whether the settlement proposed in this class action is fair, adequate and reasonable.  Under Fed. R. Civ. P. 23(e), a class action settlement is entitled to final approval where it is "fair, reasonable and adequate."  *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), *overruled in part on other grounds*, *Devlin v. Scardelletti*, 531 U..S. 1 (2002)).  Approval of a class action settlement is committed to the sound discretion of the court.  *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).  "In exercising its discretion, the trial court must approve the settlement if it is fair and reasonable."  *Id.*  "It is the responsibility of the proponents of the settlement to provide sufficient evidence to support a conclusion that the settlement is fair, and where the proponents have failed in this regard, the district court may be

justified in requiring more evidence, or in declining to approve the settlement." *Gottlieb*, 11 F.3d at 1015.  The evidence must be independently analyzed by the court in making its determination, since the court "may not rely solely on the assertions of the proponents of the settlement as to what the evidence shows." *Id.*

The specific factors that must be considered in "assessing whether the settlement is fair, reasonable and adequate" include the following:

'(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.'"

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002) (quoting *Gottlieb*, 11 F.3d at 1014); *see also In Re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1266 (10th Cir. 2004).  Additional factors which may be relevant include: (1) the risk of establishing damages at trial; (2) the extent of discovery and the current posture of the case; (3) the range of possible settlement; and (4) the reaction of class members to the proposed settlement.  *In Re New Mexico Nat. Gas Antitrust Litig.*, 607 F. Supp. 1491, 1504 (D. Colo. 1984).

Importantly, in evaluating the fairness of the settlement, courts should not decide the merits of the case or resolve unsettled legal questions.  *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n. 14 (1981); *see also New Mexico Natural Gas Antitrust Litig.*, 607 F. Supp. at 1497.  This is because the essence of settlement is compromise.  *E.E.O.C.*

*v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (10th Cir. 1985). Further, settlements in class actions are favored. *Williams v. FirstNat. Bank*, 216 U.S. 582, 595 (1910).

I now turn to the settlement in this case, and whether the *Rutter* factors are satisfied. As to the first factor, the court must first be concerned with the protection of class members whose rights may not have been given "adequate consideration during the settlement negotiations." *Ashley v. Regional Transp. Dist. & Amalgamated Transit Union Div. 1001 Pension Fund Trust*, No. 05-cv-01567-WYD-BNB, 2008 WL 384579, at *5 (D. Colo. Feb. 11, 2008). Factors to be considered in this analysis include "the experience of counsel, the vigor with which the case was prosecuted, and [any] coercion or collusion that may have marred the negotiations themselves." *Id.*

I find that the first factor is satisfied, as I find that the proposed settlement was fairly and honestly negotiated. As noted in the Joint Motion for Approval of Settlement, the parties reached the settlement agreement after several weeks of negotiations with the aid of a well-established and skilled mediator who regularly mediates employment cases, including class actions. There is no appearance of coercion or collusion. Also, the attorneys for the parties are experienced in prosecuting and defending this type of employment action. Class Counsel, Outten & Golden LLP, is a firm dedicated to representing employees on individual claims and in class actions, including WARN actions. Counsel Jack Raisner and René Roupinian have practiced employment law for 30 years and 19 years, respectively, are the co-chairs of the firm's WARN Act Practice Group, and have litigated more than 75 WARN Act class actions. Defense counsel,

Brett Painter and Kristi Walton, have practiced employment law for 19 years and 9 years, respectively, and have defended against employment class actions.

The second factor addresses whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt.  The presence of such doubt augurs in favor of settlement because settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation." *Ashley*, 2008 WL 384579, at *6.  I find that this factor is satisfied.  Plaintiff alleges that Rivet violated the WARN Act by failing to provide 60 days of notice to the individuals affected by the layoff.  As part of its defense, Rivet argues that it could not provide the full notice because of exigent business circumstances.  Specifically, the loss of its largest customer meant that it could not keep a significant part of its workforce employed for two months.  The parties assert, and I agree, that in light of the foregoing, should the matter be litigated further, it is unclear if Plaintiff could establish liability and recover any damages under the WARN Act.

I now turn to the third factor—whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.  I note that in assessing whether the value of the settlement outweighs the possibility of future relief, the "'value of an immediate recovery' means 'the monetary worth of the settlement.'"  *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 283 (D. Colo. 1997) (quoting *Gottlieb*, 11 F.3d at 1015).

I agree with the parties that the third factor is met for at least two reasons.  First, if the parties must continue litigating the case, there is no certainty that the Class will

recover $200,000 or any amount for that matter, as the parties represent that there is a risk that Rivet will not have the financial means to pay a judgment at that point in time. Second, the parties have not expended a significant amount of resources in litigating the case to this point. While some discovery has been conducted, neither party has deposed the other and no dispositive motions have been filed. If the case continues, additional discovery would be required, and Rivet likely would file a motion for summary judgment. By reaching a settlement at this stage, Plaintiff seeks to avoid significant expense and delay and ensure recovery for the Class in a prompt and efficient manner.

The fourth factor addresses the judgment of the parties that the settlement is fair and reasonable. When evaluating this factor, "[c]ounsels' judgment as to the fairness of the agreement is entitled to considerable weight." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 695 (D. Colo. 2006). "Courts have consistently refused to substitute their business judgment for that of counsel and the parties." *Alvarado Partners, L.P. v. Mehta*, 723 F. Supp. 540, 548 (D. Colo. 1989).

I find that the fourth factor is satisfied. The parties' counsel—among whom are attorneys with substantial experience in employment class action litigation, including WARN cases—unanimously support this settlement. Further, no objections have been filed, indicating that the Class Members do not oppose the settlement.

Based on the foregoing, I find that all the factors relevant to assessing whether the settlement is fair, reasonable and adequate are satisfied.

As to attorneys' fees and costs, the Settlement Agreement provides that "Class Counsel shall be entitled to be paid from the Settlement Amount its fees, of 33⅓ of the

Settlement Amount, in the total amount of $64,000 ("Class Counsel's Fees"), plus reimbursement of its expenses capped at $6,000." (Settlement Agreement, ¶ 13, Ex. A, Joint Mot. for Approval of Settlement.) The total amount sought in the Joint Motion is thus $70,000. Fed. R. Civ. P. 23(h) states that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."

I find that the fees and expenses sought are reasonable in light of the difficulty of the questions in the case, the skill requisite to perform the legal services properly, the customary fee in this type of cases, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, and awards in similar cases. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988). Further, Class Counsel indicated at the hearing that its lodestar amount was over $100,000. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) ("a claimant is entitled to the presumption that th[e] lodestar amount reflects a 'reasonable' fee) (quotations omitted).

In conclusion, I have considered the terms of the proposed settlement, including the amount of the settlement and the manner of distribution to Class Members, the $2,000 amount to be awarded to the Class Representative, and the amount of attorney fees and expenses to be awarded. I find based on the totality of the circumstances in this case that the terms of the settlement in the form of the Settlement Agreement attached as Exhibit A to the Joint Motion for Approval of Class Settlement are fair,

reasonable, and adequate under the circumstances.  Accordingly, the settlement of this Class Action is approved pursuant to Fed. R. Civ. P. 23(e)(2).

II.    CONCLUSION

Based upon the foregoing, it is

ORDERED that the parties' request for final approval of the settlement reached in this class action, which is reflected in the Settlement Agreement attached as Exhibit A to the Parties' Joint Motion for Approval of Class Settlement, is **GRANTED**.  The settlement is approved as fair, adequate and reasonable, including the amount of the settlement and the manner in which the amount will be distributed to Class Members, the amount of the award to the Class Representative, and the amount of attorneys' fees and expenses to be awarded to Class Counsel.  It is

FURTHER ORDERED that a joint stipulation for dismissal of the case shall be filed within 30 days, or by **Wednesday, September 10, 2014.**

Dated:  August 11, 2014

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge

-10-